**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN DESHAY WATKINS,** | § | |
| **Movant,** | § | |
| | § | **3:16-cv-1798-M** |
| **v.** | § | **3:12-cr-273-M (04)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Background**

Brian Deshay Watkins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Brown*, 3:12-cr-0273-M (04) (N.D. Tex.), Dkt. No. 56. At sentencing, the Court applied United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4(b)(3) and sentenced him to 120 months in prison with three years of supervised release. *See United States v. Brown*, 3:12-cr-0273-M (04) (N.D. Tex.), Dkt. Nos. 92 & 104.

After an unsuccessful direct appeal, *see United States v. Watkins*, 573 F. App'x 311 (5th Cir. 2014), Watkins filed this 28 U.S.C. § 2255 motion. *See* Dkt. No. 2. He argues that U.S.S.G. § 4B1.4 is "void for vagueness" in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

*See* Dkt. No. 2 at 4.  He also argues that the Court misapplied Section 4B1.4 because several of his prior drug convictions were not "serious drug offenses."  *See* Dkt. No. 2 at 6 (arguing that his 2004 and 2007 convictions "do not meet the definition of a 'serious drug offense' in the U.S.S.G. manual").  And, in his amended Section 2255 motion, he adds a claim that the Court erred in applying Section 4B1.4(b)(3) because "[t]he prior conviction which was used to enhance [his] sentence has been found to be an invalid basis for enhancing a sentence" in *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).  *See* Dkt. No. 8 at 4.

## II.  Discussion

Watkins's claims are without merit.  Watkins's claim that "the relevant provisions" of the U.S.S.G. – including Section 4B1.4 – are void for vagueness after *Johnson* is foreclosed by the Supreme Court's decision in *Beckles*.  *See Beckles v. United States*, 137 S. Ct. 889, 892 (2017).  In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process."  135 S. Ct. at 2563.  But *Beckles* held that, unlike the Armed Career Criminal Act at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause."  137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").  So, there is no merit to Watkins's claim that U.S.S.G. § 4B1.4 is unconstitutional after *Johnson*.

Watkins also claims that the Court misapplied U.S.S.G. § 4B1.4 by counting his prior

convictions as serious drug offenses.  *See* Dkt. No. 2 at 4.  Yet that claim is not cognizable in this

Section 2255 proceeding because "'an attempt to challenge the court's sentencing calculations is

not a basis for a section 2255 proceeding.'"  *Wright v. United States*, 3:16-cv-610-K, 2016 WL

949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L &

3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008).  "Section 2255 motions

may raise only constitutional errors and other injures that could not have been raised on direct

appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of

the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255

motions."  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted).

And Watkins's related claim – that his prior conviction "has been found to be an invalid

basis for enhancing a sentence" under *Tanksley* – is not cognizable here for the same reason.  *See*

Dkt. No. 8 at 4.  In *Tanksley*, the United States Court of Appeals for the Fifth Circuit held that a

conviction for the Texas crime of possession with intent to deliver a controlled substance is not a

"controlled substance offense" for purposes of increasing the defendant's offense level under

U.S.S.G. § 4B1.2.  *See* 848 F.3d at 349-52.  But *Tanksley* was a direct appeal, not an appeal from

the denial of a Section 2255 motion.  *See id.* at 349.  And a claim that the district court

erroneously applied a career offender enhancement under the U.S.S.G. is not cognizable in a

Section 2255 proceeding.  *See Williamson*, 183 F.3d at 462 ("Williamson attacks head-on the

sentencing court's application of § 4B1.1," but "Williamson should have raised this argument on

direct appeal; it is not cognizable now.").  That is, Watkins's *Tanksley* claim is not cognizable

here.  *See Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13,

2017) (holding that *Tanksley* does not create a claim for postconviction relief under Section

2255), *rec. adopted* 2017 WL 3725295 (N.D. Tex. Aug. 28, 2017); *accord Williamson*, 183 F.3d at 462.

In addition to being non-cognizable, Watkins's *Tanksley* claim is also time-barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Under Section 2255(f)(1), Watkins's one-year statute of limitations began to run when his judgment became final – September 15, 2014, the date on which his time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Watkins had one year from that date – or until September 15, 2015 – to timely file his Section 2255 motion. His motion, filed in June 2016 and amended in 2017, is untimely.

To overcome the time-bar, Watkins argues that *Tanksley* applied a new rule that the Supreme Court announced in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and so his Section 2255 motion is timely under 28 U.S.C. § 2255(f)(3). His reliance on *Mathis* to trigger Section 2255(f)(3) is misplaced. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Although *Tanksley* applied *Mathis*, *Mathis* did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis*

Page 4

did not announce a new rule of constitutional law). Thus Watkins cannot rely on *Mathis* to trigger Section 2255(f)(3) or reset his statute of limitations on his *Tanksley* claim; that claim is time-barred. *See, e.g.*, *United States v. Hietman*, No. 3:17-CV-1962-G, 2017 WL 3530597, at *2 (N.D. Tex. July 27, 2017), *rec. adopted* 2017 WL 3500421 (N.D. Tex. Aug. 16, 2017) (holding that neither *Mathis* nor *Tanksley* trigger Section 2255(f)(3)); *Fisher*, 2017 WL 3781855, at *2 (same); *Washington v. United States*, No. A-17-CA-00512-SS, 2017 WL 2930939, at *2-3 (W.D. Tex. July 7, 2017) (same).

## III.  Recommendation

For the foregoing reasons, Watkins's Section 2255 motion should be dismissed as meritless.

Signed this 19th day of October, 2017.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).